# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARA DISCEPOLO, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 16-cv-2351 (DLF/GMH) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion to Strike the declarations submitted in support of Defendant's Motion for Summary Judgment in this Freedom of Information Act ("FOIA") case. For the reasons discussed on pages 13–18 in the Report and Recommendation [Dkt. 33] issued contemporaneously with this Order, the motion is denied.

In short, Plaintiff first argues that Defendant should be deemed to have admitted that records responsive to her FOIA requests exist because Defendant (1) failed to respond to Requests for Admission and (2) improperly asserted in its Answer that it lacked sufficient information to admit or deny whether such records exist. She contends that, therefore, the declarations affirming that no such documents exist must be stricken. [Dkt. 20-1 at 2–8]. The first argument ignores the fact that Judge Sullivan previously ruled that Defendant was not required to respond to Plaintiff's discovery requests. Minute Order dated Apr. 6, 2017. As to the second, "courts generally resort to the sanction of deeming an allegation as admitted where there is bad faith or evasive pleading." *Clay v. District of Columbia*, 831 F. Supp. 2d 36, 47 (D.D.C. 2011). Plaintiff has shown neither here. [Dkt. 33 at 13–14].

Plaintiff challenges the appropriateness of Defendant's declarants because they are not "supervisory employees of searches" and therefore do not have personal knowledge of the facts asserted in those declarations. [Dkt. 20-1 at 8–12]. But it is appropriate in a FOIA case to submit a declaration from a person who conducted the search or from a person who supervised the search. *See, e.g., Am. Fed'n of Gov't Emps., Local 812 v. Broad. Bd. of Governors*, 711 F. Supp. 139, 149–50 (D.D.C. 2010). Moreover, each declarant here asserts that she performed searches, supervised searches, or both. [Dkt. 16-2, ¶¶ 13–15 (declarant Elisha L. Biega personally searched files and sought additional information from other employees); Dkt. 16-3, ¶¶ 3, 13–29 (declarant Susanne Husted supervised searches and personally performed searches)]. Each is therefore an appropriate declarant. [Dkt. 33 at 14–16].

Finally, Plaintiff complains that one of the declarants affirmed the accuracy of her declaration based on "knowledge and belief," rather than on knowledge alone. [Dkt. 20-1 at 13; Dkt. 16-3 at 7]. In a FOIA case, a declaration based on "knowledge and belief" is appropriate. *See, e.g., Climate Investigations Center v. U.S. Dep't of Energy*, No. 16-cv-124, 2017 WL 4004417, at *9 (D.D.C. Sept. 11, 2017) (rejecting challenge to declaration made on knowledge and belief in FOIA case because such evidence may be based "'partly [on] second-hand' information" (quoting *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991))); *Hainey v. U.S. Dep't of the Interior*, 925 F. Supp. 2d 34, 41 (D.D.C. 2013) (rejecting challenge to declaration in FOIA case made on knowledge and belief). [Dkt. 33 at 17].

For these reasons, Plaintiff's Motion to Strike [Dkt. 20] is **DENIED**.

**SO ORDERED.**

Date: January 19, 2018

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE